## PHELAN *vs.* SMITH.

### *Fourth Judicial District Court, May,* 1857.

#### INJUNCTION.

It seems that a State Court has no right to enjoin the sale on execution of the United States Court.

Motion to dissolve injunction.

This was a suit to obtain a decree of this Court to enjoin defendants from selling or interfering with certain water lots situate in this city. It is alleged in the complaint that plaintiffs have been the owners in fee of an undivided one-third interest in the beach and water lots numbers 514 and 515, since August, 1856 ; that the defendant, Peter Smith, who is a non-resident, in March, 1857, obtained a judgment in the United States Circuit Court against James Van Ness and Isaac N. Thorne, upon which judgment an order of sale was issued, and that under that order, defendant, McAllister, has seized upon and advertised the lots in controversy for sale on the 29th day of April, 1857 ; that such decree was recovered upon foreclosure of a mortgage ; that neither of these plaintiffs were made parties defendant in that suit, nor had they any notice of the pendency of that suit or of the existence of the decree, until their attention was called to the advertisement of sale above referred to ; that before the plaintiffs acquired their interest in the lots, they were informed by James Van Ness, who was the attorney in fact of the defendant, Peter Smith, that the mortgage had been paid and satisfied ; that at the time of the com-

mencement of the suit of Smith *vs.* Thorne and Van Ness, there were several persons interested in the lots, and owing to their not having been joined as parties defendants, no defense was put in, as Thorne and Van Ness were in no way interested in defending the suit; and further, that if a defense had been put in, the fact that a mortgage had been fully paid and satisfied, could have been clearly proved. It further avers that the decree so obtained was fraudulent and void as against these plaintiffs; that the defendant, Smith, is absent from the State, and defendant McAllister threatens to consummate the sale, and will do so unless restrained by this Court, which sale, if consummated, would work serious injury to plaintiffs, by creating a cloud upon their title. A preliminary injunction was granted restraining defendants from going on with the sale of the property.

*C. M. Bowman and C. McC. Delany,* for plaintiff.

*Gregory Yale,* for defendant.

HAGER J.—The injunction in this case was granted in the first place with hesitation. I had limited the writ, so that no injury could result to the defendants, as all parties could have an opportunity to be heard on a motion to dissolve without much delay. And moreover, it was made to appear that the U. S. Circuit Judge, in whose Court the decree of foreclosure had been entered, was absent from the State; and an action by original bill could not be maintained in a Federal Court for the reason that the parties were residents of this State. Upon these considerations a temporary injunction had been allowed. The parties had been heard before the Court upon a motion to dissolve the injunction. This motion must prevail. Indeed, the plaintiff's counsel have seemed to take the fact for granted, that the injunction would not be upheld in this Court. The injunction is dissolved.